**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

JUAN RAMOS-BENITEZ,

 Plaintiff,

v.                                                        Civ. No. 03-1053(PG)

TEXACO PUERTO RICO INC.,

 Defendant.

## OPINION AND ORDER

Before the Court is Magistrate Judge J. Antonio Castellanos' Report and Recommendation ("R&R") (Docket No. 31) regarding Plaintiff's Motion to Remand (Docket No. 16.) Upon reviewing the R&R, the record, the applicable case law, for the following reasons, the Court **ADOPTS AND APPROVES IN PART** the Magistrate Judges' R&R and **GRANTS** plaintiff's motion.

## BACKGROUND

Juan Ramos Benitez ("Ramos") worked at Texaco Puerto Rico Inc., ("Texaco") for thirty years and two months, twenty-nine of which he labored as an office clerk. Ramos intended to resign effective November 1, 2000 pursuant to an early retirement program that Texaco had offered its employees. The program was created to give Texaco's employees added financial security should he or she be laid off or terminated through no fault of his or her own. It was also intended for employees whose positions were terminated for business reasons. Pursuant to this early retirement option, Ramos claims he would be entitled to one third (1/3) of his monthly salary multiplied by his years of service, plus fifty-two (52) weeks of his salary. Both sums would be the equivalent of a salary of $53,380.

On July 19, 2000, Ramos told Texaco's Human Resources Manager ("the Manager") that he was exercising his option under the early retirement plan effective November 1, 2000. The Manager informed Ramos that this plan was not applicable to unionized employees like him but that Texaco had decided to eliminate four office clerk positions and offered him that if he

Civ. No. 03-1053 (PG)                                                    Page 2

resigned by September 2, 2000, Texaco would guarantee that he would receive severance benefits. In lieu of said offer, Ramos decided to retire. Ramos claims that this September 18, 2000 agreement with Texaco was later ratified by the union.

Texaco alleges, however, that on August 21, 2000, it informed Ramos that his position was not going to be eliminated and thus he was not entitled to receive the severance pay. To the contrary, Ramos alleges he was offered the severance payment as an inducement to retire. He claims Texaco has refused to pay the separation compensation as per the agreement and that as of the filing date of the complaint, Texaco owes him $53,380.

Ramos filed suit before the Puerto Rico Court of First Instance, Bayamon Part. Texaco filed a Notice of Removal pursuant to 28 U.S.C. §1441 and 1446 claiming that this Court has original jurisdiction over this civil action because it arises under section 502 of the Employment Retirement Income Security Act ("ERISA").

The matter was referred to Magistrate Judge Castellanos for his R&R. (Docket No. 30.) The Magistrate Judge recommends that Ramos' Motion to Remand be granted and the federal case dismissed. The parties timely filed objections. (See Docket Nos. 32 & 40.)

## DISCUSSION

**I. Review of the Magistrate Judge's Report and Recommendation**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party can contest the Magistrate Judge's findings "by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the

Civ. No. 03-1053 (PG)                                                  Page 3

report or specified findings or recommendations to which [an] objection is made." Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"; see 28 U.S.C. § 636(b)(1); but if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." Alamo Rodriguez, 286 F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985.)

**II. Removal**

Pursuant to 28 U.S.C. § 1441(a), "defendants may remove to the appropriate federal district court any civil action brought in a State court of which the district courts ... have original jurisdiction." City of Chicago v. International Coll. of Surgeons, 522 U.S. 156, 163 (1997)(internal quotations omitted). See Ponce Super Center, Inc. v. Glenwood Holdings, Inc., 359 F.Supp.2d 27, 29 (D.P.R. 2005). "Federal courts are courts of limited jurisdiction," Concilio Evangelico de Puerto Rico v. Negron, 178 F.Supp.2d 49, 51 (D.P.R. 2001), therefore, removal statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09(1941). If plaintiffs and defendants "clash about jurisdiction, uncertainties are construed in favor of remand." Ponce Super Center, Inc., 359 F.Supp.2d at 29 (D.P.R. 2005)(quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir.1994). The general rule is that "plaintiff is the master of his claim." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392(1987).

**II. Analysis**

A. ERISA claim

ERISA was enacted to regulate employee benefit or pension plans with the express purpose to protect that source of retirement income for workers in the United States. 29 U.S.C.A. §1001(a). To establish federal

Civ. No. 03-1053 (PG)                                                    Page 4

jurisdiction under ERISA, plaintiff must allege facts to show the establishment or maintenance of a plan, fund, or program of the type covered by ERISA. <u>Belanger v. Wyman-Gordon Co.</u>, 71 F.3d 451 (1st Cir. 1995). In its definitions, the statute provides that:

> the terms "employee pension benefit plan" and "pension plan" mean any plan, fund, or program which was established or maintained by an employer or an employee organization,... to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program (i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,...

29 U.S.C.A. §1002(2)(A).

The Magistrate Judge concluded that Ramos' claim relates to a one time, lump sum severance pay and not a payment pursuant to a pension plan. (Docket No. 31 at 5). Furthermore, the Magistrate Judge found that the record lacked evidence, arguments, or pleadings under which the payment at issue would constitute a plan for purposes of ERISA or that such payment requires the existence of "some minimal, ongoing administrative scheme or practice". <u>District of Colombia v. Greater Wash. Bd. Of Trade</u>, 506 U.S. 125, 130 (1992). <u>See</u> <u>Fort Halifax Packing Co. v. Coyne</u>, 482 U.S. 1, 11 (1987). The Magistrate Judge concluded that the likelihood or even certainty of defendant raising a colorable ERISA preemption argument, without more, did not convert a state law claim into an action arising under federal law. <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 64 (1987). He thus recommends that Ramos' Motion to Remand be granted.

Texaco objects to the Magistrate Judge's findings claiming that Ramos' claim is not based on an agreement with Texaco but on the "Separation Pay Plan of Texaco Puerto Rico Inc.", an ERISA plan, and that Ramos' claim is not contractual in nature but an ERISA claim preempted by federal law. To the contrary, Ramos argues that his claim is not brought pursuant to a Collective Bargaining Agreement or an ERISA plan but to a separate

Civ. No. 03-1053 (PG)                                                    Page 5

agreement between him and Texaco in accordance with the offer the manager gave him when he informed him about his intent to retire. (Docket No. 40 at 2.)

Upon reviewing the record, the Court concurs with the Magistrate Judge's determination that Ramos' claim does not meet the *prima facie* elements necessary to establish an ERISA claim. A review of the allegations show that Ramos does not allege that the agreement at issue is plan, fund, or a program of the type covered by ERISA. We agree with the Magistrate Judge in that a severance pay benefit, as the one at issue here, where the federal regulatory concerns of an ERISA plan are not implicated, is not subject to participation, vesting, and funding requirements of ERISA. See Adam v. Joy Mfg. Co., 651 F.Supp. 1301, 1306 (D.N.H. 1987)("Severance pay plans are not subject to ERISA's participation and vesting requirements"). Moreover, Ramos' claim arises out of an independent agreement between him and Texaco and not a retirement or severance plan. (Docket No. 40 at 2.) Ramos' claim is not within the bounds of ERISA, therefore, it is not preempted by federal law, and removal is improper.

B. Labor Management Relations Act (LMRA) claim.

In the alternative, Texaco claims that remand is improper because this Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA").

The Magistrate Judge found that insufficient pleading of this federal jurisdiction assertion failed to place the Court in a position to properly evaluate the claim as one granting federal jurisdiction under LMRA. Texaco objects arguing that the Magistrate Judge incorrectly failed to consider its allegation as not part of its pleadings inasmuch as it had been raised in the amended answer to the complaint. (Docket No. 32 at 13). Texaco insists removal is proper because plaintiff's alleged breach of contract claim is nothing more than a breach of collective bargaining agreement

Civ. No. 03-1053 (PG)                                                    Page 6

claim which is preempted by Section 301 of LMRA. (Docket No. 32 at 16.)

At the outset the Court finds that the Magistrate Judge should have considered Texaco's LMRA argument as it was indeed raised in the amended answer (Docket No. 13 at 4-5) and in the opposition to the motion to remand (Docket No. 20 at 6-10). We review *de novo* the findings regarding the LMRA claim.

Section 301 of the LMRA preempts a state law claim "wherever a court, in passing upon the asserted state-law claim, would be required to interpret a plausibly disputed provision of the collective bargaining agreement. Martin v. Shaw's Supermarkets, Inc., 105 F.3d 40, 42 (1st Cir. 1997). "Despite the preemptive scope of § 301, state law claims survive if they do not require interpretation of the" collective bargaining agreement." Fant v. New England Power Service Co., 239 F.3d 8, 14 (1st Cir. 2001); see Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 409 n. 8(1988)

> The degree to which a state law claim depends upon an understanding of the [collective bargaining agreement] requires careful judicial analysis. Courts confronted with state law claims must ... locate the line between the need for mere consultation of a [collective bargaining agreement], which does not demand federal preemption, and more active interpretation of that agreement, which does preempt the state law claims.

Fant, 239 F.3d at 15(quoting Lydon v. Boston Sand & Gravel Co., 175 F.3d 6, 10 (1st Cir.1999). A state law claim depends "upon the meaning of the [collective bargaining agreement], if the conduct at issue constitutes a breach of duty under the [collective bargaining agreement], or resolution of the dispute hinges upon interpretation of the [same]." Fant, 239 F.3d at 15(citing Flibotte v. Pennsylvania Truck Lines, Inc., 131 F.3d 21, 26 (1st Cir.1997). When making its determination, the Court must keep in mind that LMRA only preempts "real interpretive disputes and not merely pretended disputes". Martin, 105 F.3d at 42. "Indeed, the Supreme Court has said that

Civ. No. 03-1053 (PG)                                                  Page 7

the need merely to refer in passing to the [collective bargaining agreement] will not necessarily preempt. Martin, 105 F.3d at 42 (quoting Livadas v. Bradshaw, 512 U.S. 107, 122-24 (1994).See Lydon, 175 F.3d at 10 ("The bare fact that a collective-bargaining agreement will be consulted in the course of [a] state-law litigation plainly does not require the claim to be extinguished")(quotations omitted).

A review of the record shows that in his complaint, Ramos seems to claim that Texaco has refused to pay him the separation compensation that he is entitled to as per the collective bargaining agreement. (Docket No. 1, Exhibit B at 2, ¶ 7.) However, in the Motion to Remand, Ramos claims he was induced to resign his position in consideration of a severance payment *equivalent to* the terms set forth in the collective bargaining agreement. (Docket No. 16 at 4, ¶ 13)(emphasis ours). In other words, his claim is not within the bounds of the collective bargaining agreement but pursuant to an independent agreement that entitled him to receive benefits similar to those he would have received pursuant to the collective bargaining agreement.  Indeed, a review of Ramos's deposition shows that when asked several times whether his claim is brought pursuant to the collective bargaining agreement, he answered it was pursuant to the severance pay agreement. (See Docket No. 32, Exhibit B).

Nevertheless, federal jurisdiction exists if an interpretation of the collective bargaining agreement is still needed. Ramos bases his claim of the existence of an agreement on several letters that were exchanged between Texaco and himself. (See Docket No. 17, Exhibits 2-8; Docket No. 32, Exhibit A.) These letters contain the parameters of the agreement at issue and any interpretation of Ramos' rights pursuant to said agreement must be ascertained interpreting the content of those letters and the intention of the parties when drafting the letters. The provisions of the collective bargaining agreement need not be consulted to determine whether

Civ. No. 03-1053 (PG)                                                    Page 8

indeed Ramos' was entitled to receive a severance payment. Although some letters do mention the collecting bargaining agreement, this does not alter our conclusion because a reference in passing to the collective bargaining agreement does not preempt his state law claim. See Martin, 105 F.3d at 42. Accordingly, Ramos breach of contract claim is not preempted by the LMRA and remand is thus warranted.

## CONCLUSION

For the anteceding reasons, the Court ADOPTS AND APPROVES IN PART the Magistrate Judges' Report and Recommendation and **GRANTS** Ramos' Motion to Remand. Accordingly, this case is hereby remanded.

IT IS SO ORDERED.

In San Juan, Puerto Rico July 15, 2005.

                                             S/JUAN M. PEREZ-GIMENEZ
                                              U.S. District Judge